**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PSS WORLD MEDICAL, INC.,

        Plaintiff,

vs.                                              Case. No. 3:05-cv-1031-J-32-HTS

CHRIS M. WALTER,
TODD M. LAVELLE, and
BLUE MEDICAL, LLC,

        Defendants.

_____

## ORDER[1]

Before the Court is plaintiff PSS World Medical, Inc.'s ("PSS's") opposed preliminary injunction motion seeking to enjoin defendant Chris M. Walter ("Walter") from violating confidentiality, non-compete, and non-solicitation provisions of a 1993 employment agreement between Walter and "Physician Sales & Service, Inc." The Court has considered arguments made at an October 20, 2005 hearing as well as PSS's and Walter's respective memoranda, affidavits, and other evidence.[2]

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] The Court incorporates the hearing transcript into this Order.

A preliminary injunction is an "extraordinary and drastic remedy" that a district court may not grant unless the movant establishes that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs any damage the injunction would cause the opposing party; and (4) the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). This is a heavy burden for the movant. Hardin v. Houston Chronicle Pub. Co., 572 F.2d 1106, 1107 (5th Cir. 1978).

PSS has moved rapidly: Walter was terminated on October 6, 2005; PSS filed this case on October 7, 2005; PSS filed its preliminary injunction motion on October 11, 2005 and requested an expedited hearing thereon. At this point, PSS has not established that it has a substantial likelihood of success on the merits of its claim to enforce the employment agreement. Left unclear, for example, is the factual issue of whether PSS was a party thereto and the legal issues of if and how Georgia public policy should come into play.³ The Court accordingly will deny the

---

³       The legal issues of if and how Georgia public policy should come into play remain unclear despite supplemental briefing by the parties. Compare Davis v. Ebsco Indus., Inc., 150 So. 2d 460, 464-65 (Fla. 3d DCA 1963)("As a general rule, if the enforcement of a contract is contrary to public policy of the forum, or place where enforcement is sought, it need not be enforced."), with AutoNation, Inc. v. Hankins, No. 03-14544 CACE (05), 2003 WL 22852206 (Fla. Cir. Ct., 17th Judicial Circuit, Broward County, Fla. Nov. 24, 2003)(rejecting argument that Florida choice of law provision in non-compete agreement should be disregarded in favor of law of Texas where non-compete would be enforced).

preliminary injunction motion without prejudice to re-filing (if necessary) following further development of the relevant factual and legal issues discussed at the hearing.  The Court will allow the parties to engage in limited expedited discovery to determine whether preliminary injunctive relief is warranted.

It is hereby **ORDERED**:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **DENIED** without prejudice.[4]

2. Plaintiff's Motion to Strike or in the Alternative, Motion for Leave to File a Response in Opposition (Doc. 18-1) is **GRANTED**.  The Court will not strike Walter's Notice of Filing Additional Authority in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 17), but will allow PSS to file its response thereto (which the Court has considered).  PSS is directed to file its response as a separate docket entry.

**DONE AND ORDERED** at Jacksonville, Florida, on October 25, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

---

[4] Notwithstanding this denial, Walter represented at the hearing that he has not and will not directly compete with PSS during the pendency of this case.  Thus, PSS may determine that renewal of its preliminary injunction motion is unnecessary.

p.
Copies to counsel of record